IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARLENE JOHNSON,

        Plaintiff,                               10cv0871
                                                       **ELECTRONICALLY FILED**

        v.

LAUNDRY WORKERS LOCAL 141 &
AGENTS,

        Defendant.

**MEMORANDUM AND ORDER OF COURT**

Darlene Johnson ("Plaintiff") filed this pro se lawsuit in the nature of an action for violation of a collective bargaining agreement ("CBA") pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and for breach of the duty of fair representation ("DFR"). Defendant, Local 141, Pennsylvania Joint Board, Workers United, a/w SEIU, CTW, CLC ("Pennsylvania Joint Board") (misidentified in the Complaint as "Laundry Workers Local 141 and Local 141 UNITE HERE," (Doc. No. 1-1), and its Agents, properly removed the case from a Pennsylvania Magisterial District Court to this Court, and then filed a Motion to Dismiss the Complaint . (Doc. No. 2). For the reasons set forth below, Plaintiff fails to state a claim upon which relief can be granted, and the Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set

of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452

F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint appears to allege two counts: (1) breach of a collective bargaining agreement by Clean Care, her former employer; and (2) breach of the DFR by defendant, her former labor union. As Defendant argues in its Brief in Support of Motion to Dismiss, plaintiff has utterly failed to offer any facts or specific averments that might support her claims. After considering her terse, one page Response (Doc. No. 4) to defendant's motion to dismiss, plaintiff is unable to state a cognizable claim under either theory.

A breach-of-contract claim against an employer and a DFR claim against a Union are "inextricably interdependent." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

"To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." *Id.*, quoting *United Parcel Serv. Inc. v. Mitchell*, 451 U.S. 56, 66-67 (Stewart, J., concurring in the judgment) (internal quotations omitted). Plaintiff does not allege sufficient facts with respect to either breach of the contract or breach of DFR.

Regarding the breach of contract claim, plaintiff's statement that a breach exists is such a legal conclusion. The second step in the analysis is to determine whether the complaint alleges facts sufficient to show a "plausible claim for relief." Plaintiff fails to allege such facts. Plaintiff states that she was terminated in part because of "bogus points", apparently a reference to negative points against an employee under the employer's no-fault attendance policy. Plaintiff also states that she was entitled to certain lost wages and "3 personal days." Plaintiff did not incorporate the CBA into her Complaint or even attach a copy, and she fails to offer any facts to indicate how the attendance points were "bogus" or why she was "entitled" to certain wages or personal days. Clearly, plaintiff offers only "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at ___, 2009 WL 1361536, *18 (internal quotations omitted). Thus, her claim for breach of contract fails.

Similarly, with respect to the DFR claim, plaintiff states only that agents of defendant provided "poor" representation and investigating, and that they "allowed" Clean Care to levy the "bogus" points. A labor union's duty of fair representation obligates it "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171,

4

177 (1967). Again, Plaintiff makes nothing more than "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at ___, 2009 WL 1361536, * 18. Plaintiff alleges no facts demonstrating how Defendant's representation and investigation was "poor," let alone unlawful. Nor, as discussed above, does Plaintiff allege facts indicating why the attendance points were "bogus" or how Defendant "allowed" them to be levied.

Plaintiff alleges no facts showing that defendant discriminated against her (i.e., treated other employee-members preferentially) or acted arbitrarily or in bad faith toward her. For these reasons, her DFR claim also fails.

Moeover, a suit by an employee against his or her employer and labor union comprises two causes of action: "The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." *DelCostello*, 462 U.S. at 164. Because an action for breach of a collective bargaining agreement pertains to an employer rather than a labor union, plaintiff cannot state a claim for breach of contract against defendant.

Finally, Plaintiff's Complaint also names "Agents" of Laundry Workers Local 141, including Business Agent Paula Clark, as Defendants. Section 301 provides, inter alia, that "[a]ny money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b). Thus, individual officers, agents or members of a labor organization are immune from liability with respect to a DFR claim and are not proper parties. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249

(1962).

Plaintiff's Response fails to address defendant's legal arguments, and does not attempt to fill-in the factual deficiencies of her Complaint. The Response sets forth some additional facts, but it is difficult to perceive how they relate to her complaint or support her claims.

For all of the foregoing reasons, defendant's motion to dismiss will be granted, and plaintiff's complaint will be dismissed without prejudice.

Accordingly,

AND NOW, this 21st day of July, 2010, IT IS HEREBY ORDERED that defendant's Motion to Dismiss the Complaint (Doc. No. 2) is GRANTED, and plaintiff's complaint is dismissed, without prejudice to file an amended complaint on or before July 30, 2010.

If no amended complaint is filed by that date, the case will be dismissed with prejudice, without further notice.

If plaintiff files a timely amended complaint, defendant shall answer or move to dismiss the amended complaint on or before August 10, 2010; plaintiff shall file any response to a motion to dismiss the amended complaint on or before August 24, 2010.

                                                                s/ Arthur J. Schwab
                                                                Arthur J. Schwab
                                                                United States District Judge

cc:     All Registered ECF Counsel and Parties

Darlene Johnson
1222 Voskamp St., Apt. 3
Pittsburgh, PA 15212
PRO SE PLAINTIFF