IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARLENE JOHNSON,
    Plaintiff,

v.

LAUNDRY WORKERS LOCAL 141 &
AGENTS,
    Defendant.

10cv0871
**ELECTRONICALLY FILED**

**MEMORANDUM AND ORDER OF COURT**

Darlene Johnson ("Plaintiff") filed this pro se lawsuit in the nature of an action for violation of a collective bargaining agreement ("CBA") pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and for breach of the duty of fair representation ("DFR"). Defendant, Local 141, Pennsylvania Joint Board, Workers United, a/w SEIU, CTW, CLC ("Pennsylvania Joint Board") (misidentified in the Complaint as "Laundry Workers Local 141 and Local 141 UNITE HERE," (Doc. No. 1-1), and its Agents, properly removed the case from a Pennsylvania Magisterial District Court to this Court, and then filed a Motion to Dismiss the Complaint . (Doc. No. 2).

On July 20, 2010, this Court entered a Memorandum and Order of Court (Doc. No. 5) granting defendants' Motion to Dismiss, but without prejudice to plaintiff filing an amended complaint in an effort to cure the deficiencies. Plaintiff thereafter filed a one page Amended Complaint with 28 pages of assorted collective bargaining agreement provisions, City of Pittsburgh Human Relations Commission complaint forms filed by plaintiff, miscellaneous union grievance forms, earnings statements, employer reports, and other odds and ends. (Doc. No. 6). Defendant filed a Motion to Dismiss the

1

Amended Complaint (Doc. No. 7-2), and plaintiff filed a one page response thereto (Doc. No. 8).

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). Under *Twombly,* and more recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal.* While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

not 'show[n]' - 'that the pleader is entitled to relief.'"  *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).  In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party.  *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997).  A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations.  *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  See *Wilkerson v. New Media Tech. Charter Sch.,* Inc., 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224).  This standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element."  *Phillips*, 515 F.3d at 234; *Twombly,* 550 U.S. at 555).

Plaintiff's initial complaint was defective because it failed to offer any facts or specific averments that might support her claims for (1) breach of a collective bargaining agreement by Clean Care, her former employer, or for (2) breach of the DFR by defendant, her former labor union. Plaintiff had not stated a cognizable claim under either theory. See Memorandum and Order of Court (Doc. No. 5) at 3-6.

Thus, this Court held, on July 20, 2010, that defendant's motion to dismiss should be granted and plaintiff's complaint dismissed, but without prejudice for her to attempt to cure the defects. Id. Plaintiff filed a timely Amended Complaint on July 30, 2010, but the Amended Complaint continues to offer insufficient factual averments needed to fill-in the deficiencies of her initial complaint, nor does the Amended Complaint add any coherence to her legal claims or to the factual background of those claims. The Court agrees with defendant that the Amended Complaint fails to "nudge [plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.

Therefore, upon consideration of Plaintiff's Amended Complaint (Doc. No. 6), Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 7-2), and Plaintiff's Response in Opposition (Doc. No. 8), it is

HEREBY ORDERED that Plaintiff's Amended Complaint is dismissed with prejudice.

       s/ Arthur J. Schwab
       Arthur J. Schwab
       United States District Judge


cc:    All Registered ECF Counsel and Parties

Darlene Johnson
1222 Voskamp St., Apt. 3
Pittsburgh, PA 15212
PRO SE PLAINTIFF